The Honorable Brad Henry Governor of the State of Oklahoma 2300 N. Lincoln Blvd., Suite 212 Oklahoma City, Oklahoma 73105
Dear Governor Henry:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May a retired judge, who is drawing judicial retirement pay and who is not assigned to post-retirement judicial service, accept an appointment to a non-compensated board or commission, such as the Oklahoma Tourism and Recreation Commission, without the suspension of the judge's retirement pay during his tenure on the non-compensated board or commission?
The statute giving rise to your question is 20 O.S. Supp.2007, § 1102, which deals with judges' and Justices' eligibility for retirement. It is the proviso at the conclusion of that statue that is implicated by your question, as the proviso requires the suspension of payment of a judge's or Justice's retirement compensation when a judge or Justice is elected or appointed to a political or judicial office. The proviso reads:
 Provided, however, if any retired Justice or judge should be elected or appointed to any political or judicial office, the retirement compensation of the Justice or judge shall be suspended during the period of time that the Justice or judge holds such office and be reinstated upon leaving such office. Notwithstanding any other provision of this section or any other provision of law to the contrary, a retired Justice or judge shall be permitted to be employed by any college or university within The Oklahoma State System of Higher Education as a full-time or part-time member of the faculty or as a teacher in any common school or career and technology education entity without suspension of retirement benefits.
Id. (emphasis added).
In Attorney General Opinion 93-16 we considered a retired judge's appointment to the Oklahoma Pardon and Parole Board, whose members are paid compensation from State funds. In that Opinion we held that any retired judges or Justices appointed to the Oklahoma Pardon and Parole Board must, under the provisions of 20 O.S. Supp.1992, § 1102, have their retirement compensation *Page 2 
suspended during the period of time they hold a position on the Board.Id. at 106, 107. In reaching this conclusion we held that membership on the Pardon and Parole Board was a "political office," as that term is used in the statute. In so holding we stated:
 In the absence of a contrary definition of common words used in a statute, we assume that the lawmaking authority intended for them to have the meaning as that attributed to them in an ordinary and usual parlance. Riffe Petroleum Co. v. Great Nat. Corp., Inc., 614 P.2d 576, 579 (Okla. 1980). As the Supreme Court of New Mexico observed in State, ex rel. Gonzales v. Manzagol, 531 P.2d 1203, 1204 (N.M. 1975), whether an office is a "political office" depends entirely upon what is meant by "political" within the contemplation of the statute. Webster's Third International Dictionary, unabridged (1961), at 1755, defines "political" as:
 [a:] of or relating to government, a government, or the conduct of governmental affairs
 b: of or relating to matters of government as distinguished from matters of law . . .
 c: engaged in civil as distinguished from military function . . .
 d: of, relating to, or concerned with the making as distinguished from the administration of governmental policy.
 Black's Law Dictionary (4th Ed. 1968), discusses "political office" at page 1235:
 Civil officers are usually divided into three classes, — political, judicial, and ministerial. Political offices are such as are not immediately connected with the administration of justice, or with the execution of the mandates of a superior, such as the president or the head of a department.
 Under these meanings of "political office" a position on the Oklahoma Pardon and Parole Board would be a "political office."
A.G. Opin. 93-16, at 105.
Under this analysis, a retired judge or Justice appointed to a non-compensated State board or commission, such as the Oklahoma Tourism and Recreation Commission, would be serving in a political office, because such offices deal with matters of government and the conduct of governmental affairs. Thus, the provisions requiring suspension of judicial retirement benefits would be triggered, unless otherwise provided by law. *Page 3 
This conclusion, however, does not end our analysis, because of the Legislature's enactment of 20 O.S. 2001, § 1102.1[20-1102.1], which provides for conditions under which retired judges' or Justices' service in political or judicial offices will not result in the suspension of their judicial retirement compensation during their tenure of office. Section 1102.1 provides:
 The retirement compensation of any retired Justice or judge shall not be suspended during the period of time that he holds any political or judicial office unless the compensation for said office is paid from fees, levies or taxes imposed by the State of Oklahoma or any political subdivision thereof.
Id. (emphasis added).
In light of the provisions of Section 1102.1, this office opined in Attorney General Opinion 03-18 that a retired judge or Justice could be appointed as President and Chief Executive Officer of CompSource Oklahoma without suspension of retirement compensation, because CompSource Oklahoma is funded by insurance premiums paid by Oklahoma employees, and the Oklahoma courts have determined that CompSource Oklahoma funds are not State funds. Id. at 108-09. Accordingly, we concluded in Attorney General Opinion 03-18 that under the provisions of Section 1102.1, judicial retirement compensation would not be suspended while a retired judge or Justice served as head of CompSource Oklahoma, as his compensation did not come from State funds. Id.
The issue we are faced with today is the same issue we addressed in Attorney General Opinion 72-105, which is whether the provisions of Section 1102 require the suspension of judicial retirement compensation during a retired judge's or Justice's tenure in a non-compensated political or judicial office. In that 1972 Opinion we concluded that judicial retirement compensation was required to be suspended under the provisions of Section 1102. A.G. Opin. 72-105, at 8. Today, however, because of the intervening enactment of Section 1102.1 we reach a different conclusion and accordingly withdraw Attorney General Opinion 72-105.
With the Legislature's enactment of Section 1102.1 in Title 20, we must consider both Section 1102 and Section 1102.1 to determine questions on suspension of judicial retirement compensation. When dealing with two statutes on the same subject, like Sections 1102 and 1102.1, we must, where possible, construe them together as a harmonious whole. Campbell v. Campbell, 450 P.2d 203, 205 (Okla. 1966). Reading Section 1102 together with Section 1102.1, we conclude that it is the intention of the Legislature that when a retired judge or Justice is appointed or elected to a political or judicial office, his or her retirement compensation must be suspended during the judge's or Justice's tenure in office only when the judge or Justice is receiving compensation paid from fees, levies or taxes imposed by the State of Oklahoma or any political subdivision of the State. Thus, when either the office has no compensation attached to it, or the compensation is paid from other sources, there is no requirement that a retired judge's or Justice's judicial retirement compensation be suspended during his or her post-retirement tenure in political or judicial office. *Page 4 
 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The requirement of 20 O.S. Supp.2007, § 1102, that the retirement compensation of a retired judge or Justice who is appointed to a political or judicial office be suspended during his or her post-retirement tenure in office, applies when the retired judge or Justice is paid compensation and that compensation is paid for out of fines, fees, levies or taxes imposed by the State of Oklahoma or any of its political subdivisions. When, however, the compensation for the office is paid from other sources, or when the office is one to which no compensation attaches, the requirement that judicial retirement compensation be suspended during the tenure in office does not apply. 20 O.S. 2001, § 1102.1[20-1102.1].
 2. Attorney General Opinion 72-105, which was issued before the enactment of 20 O.S. 2001, § 1102.1[20-1102.1], is withdrawn.
W.A. DREW EDMONDSON Attorney General of Oklahoma
NEAL LEADER Senior Assistant Attorney General *Page 1